UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| | ) | |
| v. | ) | Case Number: **3:20-CR-00058-KAD(4)** |
| | ) | USM Number: 13726-509 |
| **TA'RON PHARR** | ) | |
| | ) | **Rahul Kale** |
| | ) | Assistant United States Attorney |
| | ) | |
| | ) | **Bethany Lynne Phillips** |
| | ) | Defendant's Attorney |

**THE DEFENDANT:** plead guilty to Count 1 of the Second Superseding Indictment.

Accordingly, the defendant is adjudicated guilty of the following offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1962(c) | Racketeering | 07/07/2020 | 1s |

The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 216 months on Count 1 of the Second Superseding Indictment with credit back to July 7, 2020.

**SUPERVISED RELEASE**

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years. The Mandatory and Standard Conditions of Supervised Release as attached, are imposed. In addition, the following Special Conditions are imposed:

(1) You must submit your person, residence, office or vehicle to a search, conducted by a United    States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; you must inform any other residents that the premises may be subject to searches pursuant to this condition.

(2) You must participate in a program recommended by the Probation Office and approved by the Court for inpatient or outpatient substance abuse treatment and testing. You must follow the rules and regulations of that program. The probation officer will supervise your participation in the program. You must pay all or a portion of

Judgment in a Criminal Case

Judgment -- Page 2 of 5
Local Form Rev.4/29/2022

DEFENDANT: TA'RON PHARR
CASE NUMBER:3:20-CR-00058-KAD(04)

costs associated with treatment based on your ability to pay as recommended by the probation officer and approved by the Court.

(3) You must participate in a cognitive behavioral treatment program as directed by the Probation Office. You must follow the rules and regulations of that program. Such programs may include group sessions led by a counselor or participation in a program administered by the Probation Office.

(4) You must not communicate, or otherwise interact, with any known member of the ONE gang, without first obtaining the permission of the probation officer.

(5) You must participate in an educational and/or vocational services program and follow the rules and regulations of that program. Such programs may include, but are not limited to, high school equivalency preparation, job readiness training and skills development.

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments as follows:

| | |
|---|---|
| **Special Assessment:** | $100.00 |
| **Fine:** | $.00 |
| **Restitution:** | $.00 |

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are paid.

The following counts have been dismissed: Counts 3, 9,10,11 and 12 of the Second Superseding Indictment and all prior Indictments as to this defendant.

## JUDICIAL RECOMMENDATION(S) TO THE BUREAU OF PRISONS

The Court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the defendant be designated to FCI Fort Dix. If FCI Fort Dix is not a proper designation, the Court recommends that the defendant be designated to a facility as close to Altoona, Pennsylvania as possible.

The Court recommends that the defendant participate in the Residential Drug Abuse Program (RDAP); Drug Abuse Education, Occupational Education Programs, Bureau Literacy Program, and the Bureau Rehabilitation and Values Enhancement (BRAVE) Program.

**August 30, 2022**
Date of Imposition of Judgment

Signature of Judge

**KARI A. DOOLEY**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**8/30/2022**
Date

DEFENDANT: TA'RON PHARR
CASE NUMBER:3:20-CR-00058-KAD(04)

Judgment in a Criminal Case

Judgment -- Page 4 of 5
Local Form Rev.4/29/2022

DEFENDANT: TA'RON PHARR
CASE NUMBER:3:20-CR-00058-KAD(04)

## CONDITIONS OF SUPERVISED RELEASE

In addition to the Standard Conditions listed below, the following indicated (■) Mandatory Conditions are imposed:

### MANDATORY CONDITIONS

(1) You must not commit another federal, state or local crime.

(2) You must not unlawfully possess a controlled substance.

(3) You must refrain from any unlawful use of a controlled substance.  You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

(4) ☐ You must make restitution in accordance with 18 U.S.C.§§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

(5) ■ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

(6) ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

(7) ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

### STANDARD CONDITIONS

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

(1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

(2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

(3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

(4) You must answer truthfully the questions asked by your probation officer.

(5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

(7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

(8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

(9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

(10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

(11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

(12) You must follow the instructions of the probation officer related to the conditions of supervision.

Upon a finding of a violation of supervised release, I understand that the court may (1) revoke supervision and impose a term of imprisonment, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

Judgment in a Criminal Case

Judgment -- Page 5 of 5
Local Form Rev.4/29/2022

DEFENDANT: TA'RON PHARR
CASE NUMBER: 3:20-CR-00058-KAD(04)

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
            Defendant                                                                                    Date

         _____        _____
            U.S. Probation Officer/Designated Witness                                Date

CERTIFIED AS A TRUE COPY ON THIS DATE: _____
By: _____
     Deputy Clerk

RETURN
I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____,
with a certified copy of this judgment.

                                              Lawrence Bobnick
                                  Acting United States Marshal

          By   _____

                                    Deputy Marshal